## THE STATE *v.* R. B. PENDLETON.

Before a Justice of the Peace can have final jurisdiction of any criminal offence, it must appear *in the complaint and upon proof* that each and every requisite prescribed in sub. chap. 4, sec. 6, of chap. 178 of the act of 1869, has been strictly pursued.

(Observations as to the duty of Solicitors where parties have been *bona fide* punished before Justices of the Peace.)

*State* v. *Johnson,* 64 N. C. 581; *State* v. *Davis, ante* 298, cited and approved.

Assault and battery, tried before *Cloud, J.,* at Spring Term, 1871, of ROWAN Superior Court.

The defendant relied upon the plea of former conviction and judgment before a Justice of the Peace. The plea averred that there had been a literal compliance with all the requirements of sub. ch. 4, sec. 6 of ch. 178, Acts of 1869. It did not, however, aver " that the complaint was not made by collusion with the accused, and that it was made by the party injured by the offence." The Solicitor for the State demurred to said plea.

Demurrer sustained. Judgment and appeal.

*Attorney General*, for the State.
*Bailey*, for the defendant.

BOYDEN, J.    The act of 1869, chap. 178, which in sub. ch. 6, regulates "the final jurisdiction of Justices of the Peace in criminal actions," was intended to embrace the offences enumerated and committed under the circumstances stated in said act, and not such offences of which Justices of the Peace have original exclusive jurisdiction by the 33d sec. of Article IV of the Constitution.

This act sub. chap. 4, sec. 6, enacts that "no Justice of the Peace shall have final jurisdiction to determine any criminal action or proceeding for any offence whatever, unless it shall appear on the complaint and upon proof before him:

"1st. That the offence was committed within his township;

"2d. That the complaint is not made by collusion with the accused, and that it is made by the party injured by the offence;

"3d. That it is made within six months after the commission of the alleged offence.

"The complaint shall be made in writing and under oath, but need not be in any particular form."

The defendant pleaded a former conviction before a Justice of the Peace of the township where the alleged offence was charged to have been committed.

This plea, it was admitted, contained every requisite of a perfect defence, except that it did not allege that it appeared on the complaint that it was made without collusion with the accused, although it did appear upon proof at the trial of the Justice that such was the fact.

The Solicitor demurred to this plea of the defendant, and his Honor sustained the demurrer, and fined the defendant one penny.    There was no error, and the judgment must be affirmed.

The Court deems this act conferring upon Justices of the Peace final jurisdiction in these minor offences a remedial

:statute of much importance; as it is calculated to save much time and expense, and the Court is disposed to give it a liberal ·construction, and to uphold this jurisdiction whenever it can be done, without violating the express provisions of the statute.

The question raised in this case, has already been settled by two adjudications in this Court. *State* v. *Johnson,* 64 N. C. .581, and *State* v. *Davis,* ante 298.

This Court cannot approve of the course adopted in this ·case. The defendant had already been sufficiently punished by the Justice of the Peace, and the only defect in the pro-·ceedings was the want of a mere formal averment in the complaint, that it was made without collusion.

We think that where parties have been fully punished by a proceeding before Justices, and where there has been no fraud ·or collusion, parties should never be indicted and punished a .second time, for a mere oversight in the Justice, who tried the ·case.

PER CURIAM.                              Judgment affirmed.